**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 20, 2017

LETTER TO COUNSEL

RE:   *Dionne M. Knight v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2515

Dear Counsel:

On July 8, 2016, Plaintiff Dionne M. Knight petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Knight's reply. (ECF Nos. 14, 17, 18). I have also considered the supplemental briefing filed by each side. (ECF Nos. 20, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Knight filed a claim for Disability Insurance Benefits ("DIB") on October 9, 2012, alleging a disability onset date of September 5, 2012. (Tr. 155-56). Her claim was denied initially and on reconsideration. (Tr. 83-86, 93-94). An Administrative Law Judge ("ALJ") held a hearing on December 4, 2014. (Tr. 38-61). Following that hearing, on January 7, 2015, the ALJ determined that Ms. Knight was not disabled during the relevant time frame. (Tr. 19-37). The Appeals Council denied Ms. Knight's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Knight suffered from the severe impairments of rheumatoid arthritis, osteoarthritis, and fibromyalgia. (Tr. 24). Despite these impairments, the ALJ determined that Ms. Knight retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour day; must avoid concentrated exposure to extreme cold and vibration, as well as hazards such as machinery and heights; and, due to the effects of pain and medication side effects, is limited to simple, routine work.

*Dionne M. Knight v. Commissioner, Social Security Administration*
Civil No. SAG-16-2515
July 20, 2017
Page 2

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Knight could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 32-33).

Ms. Knight raises three primary arguments on appeal: (1) that the ALJ erred in considering her fibromyalgia; (2) that the ALJ assigned inadequate weight to the opinions of her treating physician, Dr. Landis; and (3) that the ALJ should have identified and considered chronic fatigue syndrome (CFS) as an impairment. In addition, in a supplemental filing, Ms. Knight argues that the ALJ did not comply with *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017).[1] I concur that the ALJ's analysis of Ms. Knight's fibromyalgia does not fulfill the requirements of SSR 12-2p, including her basis for assigning little weight to Dr. Landis's opinions, and therefore remand the case for further discussion. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Knight is not entitled to benefits is correct or incorrect.

The ALJ appears to have rejected Ms. Knight's complaints of disabling pain from fibromyalgia, largely relying upon certain findings made upon physical examinations. (Tr. 27-30). That analysis does not take into account the fact that fibromyalgia is difficult to corroborate through specific objective findings. *See, e.g. Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."). Additionally, the nature of fibromyalgia means that a patient's ability to perform certain tasks or postural maneuvers on a given day does not necessarily reflect an ability to perform those tasks and maneuvers on a sustained basis. Social Security Ruling ("SSR") 12-2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). It emphasizes consideration of the "longitudinal record" of fibromyalgia "whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, at *6. Thus, the fact that Ms. Knight had normal range of motion and no signs of swelling, redness, or synovitis at various examinations does not disprove her allegations of persistent pain. *See*, *e.g*, *Green-Younger v. Barnhart,* 335 F.3d 99, 108-09 (2d Cir. 2003) (noting that for fibromyalgia patients "physical examinations will usually yield normal results – a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.") (citation omitted).

The ALJ characterized Ms. Knight's treatment as "essentially routine and/or conservative in nature," further noting that there have been no hospitalizations or emergency room visits. (Tr. 29). However, it is unclear, in the context of fibromyalgia, what other forms of treatment might have been available to Ms. Knight or her treating physicians. Chronic, incurable conditions such as fibromyalgia are customarily managed by "conservative" measures such as medications and

---

[1] However, because this case is being remanded on other grounds, I need not reach the *Lewis* issue. On remand, the ALJ should assess Ms. Knight's credibility based on both her subjective statements and the medical evidence, in accordance with *Lewis*.

dietary changes. *See Lapeirre-Gutt v. Astrue*, 382 Fed. Appx. 662, 2010 WL 2317918 at *1 (9th Cir. June 9, 2010) (noting that the claimant "cannot be discredited for failing to pursue non-conservative treatment options" for fibromyalgia since "none exist."); *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003) (noting that "the lack of any need for surgery is also not a reason to discredit [Plaintiff]: the [American College of Rheumatology] does not recommend surgery for fibromyalgia."). Thus, her "conservative" treatment regimen is attributable to the lack of more intensive treatment options for her condition, and is not a reason to discredit her treating physician or her own description of the severity of her impairments.

Moreover, while various doctors' reports refer to her fibromyalgia symptoms as "controlled" on medications, the record does not suggest a consistent course free of pain. For example, in one such report suggesting that the fibromyalgia was "controlled" by Lyrica as of May 24, 2013, mild tenderness remained in several sites. (Tr. 456-57). By the next appointment, Ms. Knight believed her fibromyalgia was "flaring" and the dose of Lyrica had to be increased. (Tr. 496). At another appointment on August 4, 2014, although the records suggested the fibromyalgia was controlled by medication, she still had significant complaints of pain and demonstrated joint tenderness in the wrists, knees, and shoulder blades on examination. (Tr. 578-79). Finally, at an appointment on March 13, 2014, the notes again stated that the fibromyalgia was "controlled," but Dr. Landis referred Ms. Knight to pain management for back pain and to an orthopedist for her left knee, and the examination records mentioned both fatigue and paraspinal tenderness. (Tr. 571).

Essentially, the ALJ's reliance on evidence from isolated medical records to discredit Ms. Knight's credibility and undermine the opinion of her treating physician does not comport with the guidance of SSR 12-2p, which explains that a claimant with fibromyalgia may have inconsistent symptoms that "wax and wane" such that a person may have "bad days and good days." 12-2p, at *6. On remand, the ALJ should provide a more extensive explanation of her consideration of Ms. Knight's physical impairments from fibromyalgia, her credibility regarding her description of those impairments, and the effect, if any, of those conditions on her ability to sustain the demands of full time employment.

Finally, Ms. Knight contends that the ALJ should have identified chronic fatigue syndrome as an impairment at Step Two. Because chronic fatigue syndrome is a diagnosis of record, on remand, the ALJ should also address that issue, either by categorizing chronic fatigue syndrome as a severe or non-severe impairment or by explaining the reason it is not identified.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Dionne M. Knight v. Commissioner, Social Security Administration*
Civil No. SAG-16-2515
July 20, 2017
Page 4

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge